## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-23183 CV-KING/BANDSTRA

SYDNEY L. BURGESS,

        Plaintiff,

vs.

BANK OF AMERICA, N.A.,

        Defendant.

_____/

### BANK OF AMERICA'S MOTION TO DISMISS,
### AND MEMORANDUM IN SUPPORT THEREOF

Defendant, BANK OF AMERICA, N.A. ("Bank of America"), through its undersigned counsel, hereby moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and Local Rule 7.1, for an Order dismissing the Plaintiff's case against Bank of America.

### INTRODUCTION

Plaintiff, SYDNEY L. BURGESS ("Mr. Burgess"), has sued Bank of America for inducing him "to enter into a predatory loan agreement" (*Original Petition*, Pg. 1).  For the first eighteen and a half pages of Mr. Burgess's "Original Petition" there is no semblance of a claim asserted, but rather a litany of unsubstantiated statements of generalities about the mortgage lending industry without any ultimate facts regarding his mortgage loan.  Mr. Burgess baldly accuses "Defendants" of "fraud" without setting forth a single misrepresentation allegedly made by Bank of America.  It would be an understatement to say that Mr. Burgess's "Original Petition" is the kind of improper "shotgun pleading", which has been "roundly, repeatedly, and consistently condemn[ed]" by the Eleventh Circuit.  *Davis v. Coca-Cola Bottling*, 516 F.3d 955, 979 (11th Cir. 2008).  Furthermore, Mr. Burgess conspicuously omits to set forth the basis for federal jurisdiction in his "Original Petition", and despite the predominance of purported state law claims there is no allegation as to the amount in controversy.  *See Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001)

## PLAINTIFF FAILS TO STATE A CLAIM

Mr. Burgess's "Causes of Action" begin on page 19 of his "Original Petition".  They appear to be the following: (1) Breach of Fiduciary Duty; (2) Negligence; (3) Common Law Fraud; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Violation of Truth in Lending Act; and (5) Intentional Infliction of Emotional Distress.  These alleged "Causes of Action" neither provide enough factual allegations to raise a right to relief above the speculative level, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1966 167 L.Ed.2d 929 (2007), nor indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007).  Mr. Burgess's unwarranted factual deductions and legal conclusions masquerading as facts cannot prevent dismissal of his "Original Petition".  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir.2003).

## FAILURE TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY

The first of Mr. Burgess's alleged "Causes of Action" is for breach of fiduciary duty.  Mr. Burgess fails to allege any facts which, if proven, would establish a fiduciary relationship with Bank of America.  Generally, there is no fiduciary duty existing between a bank and its customer.  *Watkins v. NCNB Nat. Bank of Florida, N.A.*, 622 So.2d 1063, 1065 (Fla. 3d DCA 1993).  And it is clear that under Florida law a lender does not ordinarily owe fiduciary duties to its borrower.  *Motorcity of Jacksonville, Ltd. v. Southeast Bank, N.A.*, 83 F.3d 1317, 1339 (11th Cir. 1996).  To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party.  *Barnett Bank of West Florida v. Hooper*, 498 So.2d 923 (Fla.1986).  In an arms-length transaction, such as the alleged mortgage loan transaction, there is no duty to act for the benefit or protection of the other party.  *Cripe v. Atlantic First National Bank*, 422 So.2d 820 (Fla.1982).  Mr. Burgess fails to allege any fact from which one could conclude that his mortgage loan transaction was anything but an arms-length deal.  In an arms-length transaction, there is no duty imposed on either party to act for the benefit or protection of the other or to disclose facts that the other party could by its own

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25ᵗʰ Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

diligence have discovered. *Maxwell v. First United Bank*, 782 So.2d 931, 934 (4th DCA 2001). There must be "circumstances exceeding an ordinary commercial transaction" to establish a fiduciary relationship, which are clearly averred in Mr. Burgess's "Original Petition". *Capital Bank v. MVB, Inc.*, 644 So.2d 515, 520 (Fla. 3rd DCA 1994). Importantly, the fact that one party places its trust in the other does not create a confidential relationship in the absence of some recognition, acceptance, or undertaking of the duties of a fiduciary on the part of the other party. *Harris v. Zeuch*, 103 Fla. 183, 137 So. 135 (1931); *see also Bankest Imports, Inc. v. ISCA Corp*. 717 F.Supp. 1537 (S.D. Fla. 1989)(adopting the principals applied in *Harris*).

In this case, Mr. Burgess has failed to set forth a single fact upon which this Honorable Court could find that a fiduciary relationship existed. Mr. Burgess does not allege that he requested Bank of America to undertake a duty of trust and dependency, nor does he allege that Bank of America ever agreed to assume such a duty. "One may not...unilaterally impose a fiduciary relationship on a lender without a conscious assumption of such duties by the lender to be held liable as a fiduciary." *Jaffe v. Bank of America, N.A.*, 667 F.Supp. 1299, 1319 (S.D. Fla. 2009) (quoting *Denison State Bank v. Madeira*, 230 Kan. 684, 640 P.2d 1235, 1244 (Kan. 1982)). Accordingly, Mr. Burgess's alleged cause of action for breach of fiduciary duty should be dismissed.

## FAILURE TO STATE A CLAIM FOR NEGLIGENCE

The second of Mr. Burgess's alleged "Causes of Action" is for negligence. Under Florida law, a plaintiff must state three elements to maintain an action for negligence: (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury or damage from which he complains, (2) the failure of the defendant to perform that duty, and (3) injury or damage to the plaintiff arising from such failure. *Smiley v. Court*, 243 So.2d 643, 646 (Fla. 4th DCA 1971); *Gibbs v. Hernandez*, 810 So.2d 1034, 1036 (Fla. 4th DCA 2002); *Strasser v. Yalamanchi*, 783 So.2d 1087 (Fla. 4th DCA 2001), *rev. denied*, 805 So.2d 810 (Fla. 2001); *Ewing v. Sellinger*, 758 So.2d 1196, 1197 (Fla. 4th DCA 2000), *rev. denied*, 789 So.2d 345 (Fla. 2001); *Miller by and through Miller v. Foster*, 686 So.2d 783 (Fla. 4th DCA 1997); *Steck v. Henderson Mental Health Center*,

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

*Inc.*, 539 So.2d 1173, 1174 (Fla. 4th DCA 1989).  Although Mr. Burgess could arguably be said to have set forth the bare elements of a cause of action for negligence (with possibly the exception of the second element, i.e. breach of duty), Mr. Burgess's alleged cause of action for negligence contains no meaningful factual content which would allow this Honorable Court to draw the reasonable inference that Bank of America is liable for the purported misconduct alleged in Mr. Burgess's empty legal conclusions, so that dismissal is appropriate.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, *1949 (2009) (explaining that "[a] claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (emphasis added)).

Because Mr. Burgess's allegations in his alleged cause of action for neglience are no more than conclusions of law, they are not entitled to the assumption of truth under *Iqbal*.  *Id.* at 1950.  Accordingly, Mr. Burgess's alleged cause of action for negligence should be dismissed.

## FAILURE TO STATE A CLAIM FOR COMMON LAW FRAUD

The third of Mr. Burgess's alleged "Causes of Action" is for common law fraud.  Mr. Burgess's alleged cause of action for fraud fails to set forth any alleged misrepresentations purportedly made by Bank of America (let alone with any degree of particularity, as required by Rule 9, Fed. R. Civ. P.).  Mr. Burgess has utterly failed to comply with the heightened pleading standards for claims sounding in fraud.

In addition to the basic *Twombly* standard, all claims sounding in fraud are subject to the heightened pleading requirements of Rule 9(b).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1966 167 L.Ed.2d 929 (2007) (the plaintiff must provide enough factual allegations to raise a right to relief above the speculative level).  "[T]he circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b).  Heightened pleading "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71;

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

*see also United States ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002).  At minimum, a fraud claim under Florida law must set forth (1) the exact statements made; (2) the time and place of each such statement and who made it; (3) the substance of the statement and how it misled the plaintiffs; and (4) the defendants' gain due to the alleged fraud.  *Id.*; *see also Ambrosia Coal & Construction Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007).  Mr. Burgess's alleged cause of action for fraud clearly fails to satisfy these fundamental requirements.

Mr. Burgess does not set forth the exact misstatements which he imputes to Bank of America, nor the substance of the misleading statements, nor the time or place of the statements, nor who made the statements or the alleged benefit to Bank of America for such statements.  Without knowing the specifics of the alleged false statements and the circumstances thereof, Bank of America is left to guess at its purported fraudulent behavior.  Lack of compliance with Rule 9(b) necessitates dismissal.  *See Harrison Enterps., Inc. v. Moran*, No. 97-4362-CIV, 1999 WL 1211753, at *3 (S.D. Fla. Aug. 30, 1999) (dismissing complaint for failure to comply with Rule 9(b), no specific date reference or acts underpinning the allegations).

Mr. Burgess clearly fails to allege (1) who made the alleged representations, (2) the date on which they were made, (3) the context within which they were made, and (4) their specific substance.  *See Bankers Mutual Capital Corp. v. United States Fidelity and Guaranty Co.*, 784 So.2d 485, 490 (Fla. 4th DCA 2001); *see also Simon v. Celebration Co.*, 883 So.2d 826, 832 (Fla. 5th DCA 2004).  Accordingly, Mr. Burgess's alleged cause of action for common law fraud should be dismissed.

## FAILURE TO STATE A CLAIM FOR BREACH OF COVENANT OF GOOD FAITH

The fourth of Mr. Burgess's alleged "Causes of Action" is for breach of the covenant of good faith and fair dealing.  A claim for breach of implied covenant of good faith and fair dealing cannot stand alone, but must be made in conjunction with a claim for breach of contract.  *Business Radio, Inc. v. Relm Wireless Corp.*, 373 F.Supp.2d 1317, 1321 (M.D. Fla. 2005).  Mr. Burgess does

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

not assert a claim for breach of contract against Bank of America, nor does he identify a specific contractual obligation which Bank of America purportedly breached.  Mr. Burgess's alleged claim against Bank of America for breach of the implied covenant of good faith and fair dealing must fail, as the good faith requirement does not exist in the air, but rather "attaches only to the performance of a specific contractual obligation." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1314 (11th Cir. 1998).

In *Burger King Corp. v. Weaver*, 169 F.3d 1310 (11th Cir. 1999), the Eleventh Circuit held that there is no independent cause of action for breach of the implied covenant of good faith and fair dealing under Florida law.  Mr. Burgess's alleged claim for breach of the implied covenant of good faith and fair dealing cannot be maintained in derogation of the express terms of the underlying contract or in the absence of breach of an express term of the underlying agreement.  *See id.* at 1318; *see also Centurion Air Cargo, Inc. v. United Parcel Service Co.*, 420 F.3d 1146, 1150-51 (11th Cir. 2005).  Due to Mr. Burgess's conspicuous omission of any allegation of breach of contract against Bank of America and his failure to point to any express terms of the mortgage loan documents that Bank of America purportedly violated, Mr. Burgess's purported cause of action for breach of the covenant of good faith and fair dealing should be dismissed.

### FAILURE TO STATE A CLAIM UNDER TILA

The fifth of Mr. Burgess's alleged "Causes of Action" alleges a violation of the Truth in Lending Act, but does not specify what provision Bank of America purportedly violated or how Mr. Burgess was injured as a result.  Mr. Burgess's two-paragraph TILA claim clearly fails to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires "a short and plain statement...showing that the pleader is entitled to relief."  This obligation demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will no do." *Twombly*, 127 S.Ct. at 1964-65.  Plaintiffs must set forth sufficient facts to "raise a right to relief above the speculative level."  *Id.*  "Even under Rule 8(a)'s notice pleading provision . . ., a complaint must include allegations respecting all material elements of all claims asserted; bare

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25ᵗʰ Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

legal conclusions attached to narrative facts will not suffice." *Ramirez-Fiqueroa v. Polk County Sheriff's Office*, No. 8:06-cv-2161-T-30TBM, 2007 WL 1752599, at *5 (M.D. Fla. June 15, 2007). Accordingly, Mr. Burgess's alleged TILA claim should be dismissed.

## FAILURE TO STATE A CLAIM FOR INFLICTION OF EMOTIONAL DISTRESS

   The sixth and last of Mr. Burgess's alleged "Causes of Action" is for intentional infliction of emotional distress.  The case law in Florida clearly demonstrates that the categories of activity (and inactivity) alleged against Bank of America in Mr. Burgess's purported claim for intentional infliction of emotional distress do not rise to the level of outrageous conduct, especially in the context of an allegedly contractual relationship.

   In an intentional infliction of emotional distress claim, the facts must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 279 (Fla.1985).[1]  The tort of outrageous conduct or intentional infliction of emotional distress has grown and matured through the courts until any conflict that existed between the various district courts recited in great detail in the case of *Dominguez v. Equitable Life Assur. Soc.*, 438 So.2d 58 (Fla. 3d DCA 1983) was resolved by the Florida Supreme Court in the case of *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277 (Fla.1985), wherein the independent tort was recognized as capable of standing alone.

   The supreme court in *McCarson* adopted the language of Section 46, Restatement (Second) of Torts (1965), reading as follows:

d.  *Extreme and outrageous conduct*..... It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct

---

[1] The following holding with respect to the tort of intentional infliction of emotional distress should be noted: "[I]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Scheller v. American Medical International Inc.*, 502 So.2d 1268, 1271 (Fla. 4th DCA 1987).

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25ᵗʰ Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

....

g.  The conduct, although it would otherwise be extreme and outrageous, may be privileged under the circumstances.  The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress.

Section 46, Restatement (Second) of Torts (1965).

There is, however, imposed upon this tort now matured to its own in the *McCarson* case the additional modification that the activity may be privileged under such circumstances in a case involving contractual rights or where the actor is simply insisting upon his legal rights in a permissible way even though he is well aware that such insistence is certain to cause emotional distress.  This modification has led courts dealing with "outrageous conduct" to declare as follows:

'Finally, with regard to the trial court's order granting the Video Barn's ore tenus motion to strike appellant's claim for damages for mental and emotional suffering under Count I (breach of contract) of the complaint Florida case law holds that "where the gravamen of the proceeding is breach of contract, even if such breach be willful and flagrant, there can be no recovery for mental pain and anguish resulting from such breach," *Industrial Fire & Casualty Ins. Co. v. Romer*, 432 So.2d 66, 67 (Fla. 4th DCA), *rev. denied*, 441 So.2d 633 (Fla.1983) citing *Henry Morrison Flagler Museum v. Lee*, 268 So.2d 434, 436 (Fla. 4th DCA 1972).'

*Floyd v. Video Barn, Inc.*, 538 So.2d 1322, 1325 (Fla. 1st DCA 1989).

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

This theme was also stated in *McCarson*, as follows:

'Although this demand and the withholding of further benefits had tragic results, and although we must assume from the jury's verdict that it found Metropolitan was in reckless disregard of the potential for such tragedy, Metropolitan did no more than assert legal rights in a legally permissible way. As such, Metropolitan's actions are "privileged under the circumstances."'

467 So.2d at 279.

In the case of *Baker v. Florida National Bank*, 559 So. 2d 284 (Fla. 4th DCA 1990), upon examining the activities of the defendant bank, the court determined that the activity at issue did not rise to the level where the activity complained of was more than the assertion, in a legally permissible way, of legal rights which the defendant bank had under the trust agreement, and as such the defendant bank's actions were, just as Metropolitan's actions recited in *McCarson*, "privileged under the circumstances." The court also found that the defendant bank's actions did not reach the level of outrageous conduct contemplated under *McCarson*, even though the agreement in question was a trust agreement imposing a fiduciary relationship upon the defendant bank. The court ruled in favor of the defendant bank as follows: "No motive was actually displayed by any of the parties herein that would disclose a malevolent intent on the part of the bank or an insistence by the bank on rights in their trust agreement in other than a lawful permissible fashion." *Florida National Bank*, 559 So. 2d at 289.

The instant case is much more pedestrian than the *Florida National Bank* case, and no trust agreement or fiduciary relationship is involved. The activities complained of in the instant case arise out of an alleged bank-customer contractual relationship (within which an alleged claim for mental pain and anguish resulting from breach thereof is inappropriate), and this Honorable Court should hold Bank of America's actions to be "privileged under the circumstances". Hence, Mr. Burgess's alleged claim for intentional infliction of emotional distress should accordingly be dismissed.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

## CONCLUSION

This Honorable Court should dismiss Mr. Burgess's case against Bank of America, because Mr. Burgess's "Original Petition" sets forth neither a basis for federal jurisdiction nor a cognizable cause of action.

Respectfully submitted,

/s/J. Randolph Liebler
J. RANDOLPH LIEBLER
Florida Bar No. 507954
E-mail: jrl@lgplaw.com
*Attorneys for Bank of America, N.A.*
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Fax:  (305) 379-9626

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2010, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being furnished this day via U.S. Mail to: Sydney L. Burgess, *Pro Se*, 204 SW 15th Road, Homestead, FL 33030.

/s/J. Randolph Liebler
J. RANDOLPH LIEBLER

Z:\649-10591\Pleadings and Orders\MTD.wpd

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400