UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23183 CV-KING/BANDSTRA

SYDNEY L. BURGESS,

    Plaintiff,

vs.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## BANK OF AMERICA'S RESPONSE IN OPPOSITION
## TO MOTION FOR TEMPORARY INJUNCTION

Defendant, BANK OF AMERICA, N.A. ("Bank of America"), by and through its undersigned counsel, and pursuant to Local Rule 7.1, hereby responds to Plaintiff's motion for a temporary injunction [D.E. # 2] under Rule 65 of the Federal Rules of Civil Procedure, and requests that this Honorable Court enter an Order denying Plaintiff's request for a temporary injunction.

### INTRODUCTION

Plaintiff, SYDNEY L. BURGESS ("Mr. Burgess"), seeks a temporary injunction to prevent Bank of America "from foreclosing on and selling the property until and unless defendant prevails in the current litigation" (*Petition for Temporary Injunction*, Pg. 25). As with Mr. Burgess's "Original Petition", his "Petition for Temporary Injunction" recites *ad nauseam* a litany of unsubstantiated statements of generalities about the mortgage lending industry without any ultimate facts regarding his mortgage loan. In fact, for nearly twenty-three pages Mr. Burgess's "Petition for Temporary Injunction" patterns his "Original Petition" verbatim. The same bald accusations of fraud without any elocution of Bank of America's purported misstatements seem to be meant to support both documents. Not until the twenty-third page of Mr. Burgess's "Petition for Temporary Injunction" is there anything other than the title of the document which could lead one to understand

that it was supposed to be a request for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure; and once the reader arrives at that page, there is nothing to be found but legal conclusions and unsubstantiated claims lacking factual content.

## STANDARD OF REVIEW

The legal standard for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) is as follows: the moving party must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that, if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.2000); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *McDonald's Corp.*, 147 F.3d at 1306 (internal citations and quotations omitted); *see also Crochet v. Housing Authority of the City of Tampa*, 37 F.3d 607, 610 (11th Cir. 1994); *Café 207, Inc. v. St. Johns County*, 989 F.2d 1136, 1137 (11th Cir. 1993).

## FAILURE TO ESTABLISH PREREQUISITES FOR PRELIMINARY INJUNCTION

Mr. Burgess's "Petition for Temporary Injunction" fails to establish the burden of persuasion as to each of the four prerequisites for a preliminary injunction.

As set forth in detail in Bank of America's Motion to Dismiss [D.E. # 7], Mr. Burgess's "Original Petition" fails to state a cognizable cause of action or a basis for federal subject matter jurisdiction. Not one of Mr. Burgess's six alleged "Causes of Action" sets forth sufficient factual content to satisfy the pleading standard under *Twombly* and *Iqbal*, and the "Original Petition" does not contain a single allegation of the jurisdictional basis for this case to be in federal court.

– 2 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Accordingly, Mr. Burgess cannot establish the first prerequisite, i.e. a substantial likelihood of success on the merits.

Mr. Burgess cannot establish the second prerequisite, i.e. irreparable injury, because Mr. Burgess appears to calculate his alleged damages "to be equal to $831,981.39" *(Petition for Temporary Injunction*, Pg. 23). In the case of *Tele-Controls, Inc. v. Ford Indus., Inc.*, 388 F.2d 48 (7th Cir. 1967), the Seventh Circuit Court of Appeals concluded that because lost dollar amounts were specified in the complaint, damages for the termination of the plaintiff's dealership could be sufficiently measured. Likewise, in this case, Mr. Burgess has calculated his alleged damages to the penny, so that there is clearly no irreparable harm.

The drastic and extraordinary remedy of a preliminary injunction should not be issued in this case where Mr. Burgess has failed to state a claim upon which relief can be granted and has conspicuously omitted to provide this Honorable Court with a basis for federal jurisdiction.

## **CONCLUSION**

This Honorable Court should deny Mr. Burgess's request for a temporary injunction, because Mr. Burgess cannot establish the burden of persuasion as to each of the four prerequisites for a temporary injunction under Rule 65 of the Federal Rules of Civil Procedure.

Respectfully submitted,

 s/J. Randolph Liebler
J. RANDOLPH LIEBLER
Florida Bar No. 507954
E-mail: jrl@lgplaw.com
*Attorneys for Bank of America, N.A.*
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

– 3 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

– 4 –

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of September, 2010, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being furnished this day via U.S. Mail to: Sydney L. Burgess, *Pro Se*, 204 SW 15th Road, Homestead, FL 33030.

 s/J. Randolph Liebler
J. RANDOLPH LIEBLER

Z:\649-10591\Pleadings and Orders\Response to Motion for Temporary Injunction.wpd

– 4 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400