UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CIV-23183-KING

SYDNEY BURGESS,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT AND DENYING MOTION FOR TEMPORARY INJUNCTION

THIS CAUSE comes before the Court upon the Motion to Dismiss filed by Defendant Bank of America, N.A. (DE #7) on September 20, 2010, and a Response to Plaintiff's Petition for Temporary Injunction (DE #8).[1] Upon consideration of the pleadings, the Court finds that Defendant's Motion to Dismiss must be granted.

### I. Procedural History

On September 3, 2010, Plaintiff filed her Complaint (DE #1) and a Petition for Temporary Injunction (DE #2). In sum, Plaintiff brings this action against Defendant in an effort to indict not just Defendant, but also the financial system and the Judiciary "for failure to strictly enforce the consumer protection laws."[2]

---

[1] This matter has been well briefed by the parties, as Plaintiff filed a Response (DE #9) to Defendant's Motion to Dismiss on October 18, 2010, to which Defendant filed a Reply (DE #10) on October 26, 2010. As such, this matter is ripe for consideration.

[2] In all relevant respects, Plaintiff's simultaneously-filed Petition for Temporary Injunction restates the same allegations, although it appends a request for temporary injunction (DE #2 at 23-24). This Court has no jurisdiction to adjudicate that motion without a well-pleaded complaint before it.

Specifically, Plaintiff broadly asserts in her 23-page Complaint that Defendant, acting in concert with other, unnamed individuals, entered into a "predatory loan agreement" with Plaintiff, through which Defendant defrauded Plaintiff. Plaintiff alleges the following acts: that Defendant committed fraud against Plaintiff; that Defendant failed to "make proper notices to [Plaintiff] that would have given [her] warning of the type of tactics used by Defendant"; "Defendant charged false fees to [Plaintiff] at settlement"; Defendant "used ... false fees to compensate agents of [Plaintiff] in order to induce said agents to breach their fiduciary duty"; and that Defendant initiated frivolous collection procedures.

## II. Legal Standard on Motion to Dismiss

The requirements of a motion to dismiss are well known: for the purpose of such a motion, "the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may only be dismissed if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 569-79 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable."). In arriving at its determination, a court must "limit[] its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006).

Certainly, where a plaintiff pleads fraud, it is well-settled that such allegations must support such allegations with particularity. Fed. R. Civ. P. 9(b); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997).

### III. Discussion of Motion to Dismiss

Defendant's Motion to Dismiss argues that Plaintiff has failed to state any cognizable claims. Defendant perceives the following six purported causes of action in Plaintiff's Complaint: 1) breach of fiduciary duty; 2) negligence; 3) common law fraud; 4) breach of implied covenant of good faith and fair dealing; 5) violation of the Truth in Lending Act; and 6) intentional infliction of emotional distress. (DE #7 at 2). Upon review, Defendant claims that Plaintiff's Complaint is "a litany of unsubstantiated statements of generalities about the mortgage lending industry without any ultimate facts regarding [her] mortgage loan." (DE #7 at 1). As such, Defendant states that Plaintiff has filed what amounts to an improper shotgun pleading. *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 979 (11th Cir. 2008). Plaintiff's Response claims that she has provided sufficient support for her claims.

The Court disagrees. Plaintiff's Complaint fails to state sufficient facts sufficient to raise a claim for relief to more than a speculative level. *Twombly*, 550 U.S. at 555. Instead, Plaintiff's claims are simply broad, blanket assertions that are inappropriate foundation for an actionable claim, detailing the apparent frauds of the financial system insomuch as it relates to homeownership. Indeed, the only fact alleged by Plaintiff is that he had entered into a refinance contract for a residence located at 204 SW 15th Road, Homestead, Florida, although Plaintiff fails to allege whom he had entered into this contract with. Plaintiff has not alleged any specifics regarding the date of the relevant actions, the parties to those actions, or the alleged fraudulent actions taken by Defendant. Without such specifics, this action is not properly before this Court.

## IV. Conclusion

Accordingly, the Court having read the parties' motions and legal authorities and being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion to Dismiss (DE #7) be, and the same hereby is, **GRANTED.**

2. The above-styled action is **DISMISSED without prejudice.** If Plaintiffs elect to file an Amended Complaint, it shall be in compliance with this Order and must be filed **within twenty days**, or the dismissal will be with prejudice.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 27th day of October, 2010.

*[signature]*
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:

**Plaintiff** *pro se*
**Sydney Burgess**
204 SW 15th Road
Homestead, FL 33030

**Counsel for Defendant**
**James Randolph Liebler**
Liebler Gonzalez & Portuondo PA
44 W Flagler Street
25th Floor
Miami, FL 33130-4329
305-379-0400
Fax: 379-9626
Email: jrl@lgplaw.com