UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CIV-23183-KING

SYDNEY BURGESS,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (DE #18), filed December 13, 2010.[1] Upon consideration of the pleadings, the Court finds that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint must be granted. As with Plaintiff's earlier Complaint, Plaintiff has failed to allege sufficient facts to support any causes of action.

### I. Procedural History

On September 3, 2010, Plaintiff filed her Complaint (DE #1) and a Petition for Temporary Injunction (DE #2). The Court granted Defendant's Motion to Dismiss (DE #12) on October 27, 2010, giving Plaintiff leave to amend. Plaintiff filed an Amended Complaint (DE #13) on November 22, 2010, wherein she again asserts that Defendant, acting in concert with other, unnamed individuals, entered into a "predatory loan agreement" with Plaintiff, through

---

[1] This matter has been well briefed by the parties, as Plaintiff filed a Response (DE #19) to Defendant's Motion to Dismiss on December 28, 2010, to which Defendant filed a Reply (DE #20) on January 3, 2011. As such, this matter is ripe for consideration.

which Defendant defrauded Plaintiff. Plaintiff alleges violations of both federal and state law, resulting in a 54-page, 12-count Amended Complaint.

## II. Legal Standard on Motion to Dismiss

The requirements of a motion to dismiss are well known: for the purpose of such a motion, "the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may only be dismissed if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 569-79 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an … exercise in the conceivable."). In arriving at its determination, a court must "limit[] its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006). Certainly, where a plaintiff pleads fraud, it is well-settled that such allegations must support such allegations with particularity. Fed. R. Civ. P. 9(b); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1370-71 (11th Cir. 1997).

## III. Discussion of Motion to Dismiss

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint argues that Plaintiff has again failed to state sufficient facts to support her claims against Defendant. Instead, Defendant argues that "Ms. Burgess launches into a litany of unsubstantiated statements of generalities about the mortgage lending industry." (DE #81 at 1). As with its earlier Motion to

Dimiss, Defendant therefore contends that Plaintiff has filed what amounts to an improper shotgun pleading. *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 979 (11th Cir. 2008).

The Court agrees that Plaintiff has again failed to allege sufficient facts to support her claims. Plaintiff, although broadly stating that certain federal statutes apply, has failed to plead the basis for this Court's jurisdiction, whether out of diversity or federal-question jurisdiction. While this failure from a *pro se* plaintiff need not be dispositive, when combined with Plaintiff's general failure to plead sufficient facts, the Court is left without sufficient facts upon which it may proceed. Indeed, the only facts actually pleaded by Plaintiff occur in Paragraphs 59-69 of the First Amended Complaint. Taken in their entirety, however, these facts are insufficient to support Plaintiff's claims. As such, as this Court previously noted in its earlier Order of Dismissal, Plaintiff's Complaint fails to state sufficient facts sufficient to raise a claim for relief to more than a speculative level. *Twombly*, 550 U.S. at 555.

As such, the Court finds that Defendant's Motion to Dismiss must be granted. However, the Court does so without prejudice to permitting Plaintiff to amend her allegations in compliance with the Federal Rules of Civil Procedure. In particular, a *pro se* plaintiff must pay heed to the requirements of Rule 8, which state that a pleading shall contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Moreover, Plaintiff's Second Amended Complaint allegations must include a sufficient factual basis to provide this Court with jurisdiction to adjudicate Plaintiff's claims.

IV. **Conclusion**

Accordingly, the Court having read the parties' motions and legal authorities and being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion to Dismiss (DE #18) be, and the same hereby is, **GRANTED.**

2. The above-styled action is **DISMISSED without prejudice.** If Plaintiff elects to file an Amended Complaint, it shall be in compliance with this Order and must be filed **within twenty days**, or the dismissal will be with prejudice.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 11th day of January, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:

**Plaintiff** *pro se*
**Sydney Burgess**
204 SW 15th Road
Homestead, FL 33030

**Counsel for Defendant**
**James Randolph Liebler**
Liebler Gonzalez & Portuondo PA
44 W Flagler Street
25th Floor
Miami, FL 33130-4329
305-379-0400
Fax: 379-9626
Email: jrl@lgplaw.com